IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Janice T. Thompson, | ) | C/A No. 0:17-552-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Nancy A. Berryhill, Acting Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Janice T. Thompson, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the Administrative Law Judge ("ALJ") to consider, in sequence:



(1)     whether the claimant is engaged in substantial gainful activity;

(2)     whether the claimant has a "severe" impairment;

(3)     whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)     whether the claimant can perform her past relevant work; and

(5)     whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[1]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. § 404.1520(h).



## ADMINISTRATIVE PROCEEDINGS

In May 2013, Thompson applied for DIB, alleging disability beginning October 1, 2007. Thompson's application was denied initially and upon reconsideration, and she requested a hearing before an ALJ. A hearing was held on November 20, 2015, at which Thompson, who was represented by W. Blake Cummings, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on December 24, 2015 finding that Thompson was not disabled from her alleged onset date of October 1, 2007, through her date last insured of March 31, 2013. (Tr. 14-20.)

Thompson was born in 1957 and was fifty years old on her alleged disability onset date. She has a high school education and has past relevant work experience as a janitor, a house keeper, an inspector/assembler at a manufacturing plant, a receiver at a networking company, and an electrical wirer at a manufacturing company. (Tr. 187.) Thompson alleged disability due to a back pain, high blood pressure, and ulcerative colitis. (Tr. 186.)

In applying the five-step sequential process, the ALJ found that Thompson had not engaged in substantial gainful activity from her alleged onset date of October 1, 2007 through her date last insured of March 31, 2013. The ALJ also determined that, through the date last insured, Thompson had the following medically determinable impairments: low back pain, essential hypertension, ulcerative colitis, carpal tunnel syndrome, obesity, and depression. The ALJ found that, through her date last insured, Thompson did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for twelve consecutive months and that, therefore, Thompson did not have a severe impairment or combination of



impairments.  Thus, the ALJ found that Thompson was not disabled from the alleged onset date of October 1, 2007 through the date last insured of March 31, 2013.

The Appeals Council denied Thompson's request for review on January 25, 2017, making the decision of the ALJ the final action of the Commissioner.  (Tr. 1-5.)  This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Craig, 76 F.3d at 589.  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]."  Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence.  Blalock, 483 F.2d at 775.

## ISSUES

Thompson raises the following issues for this judicial review:

I.      Did the Commissioner commit error by failing to assess the Plaintiff's Residual Functional Capacity (RFC)?



II.     Did the Commissioner commit error by inadequately weighing the medical opinions of record?

(Pl.'s Br., ECF No. 10.)

## DISCUSSION[2]

Step Two of the sequential evaluation requires the ALJ to "consider the medical severity of [a claimant's] impairment(s)." 20 C.F.R. § 404.1520(a)(4)(ii). The claimant bears the burden at this step to show that she has a severe impairment. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). "Basic work activities" means "the abilities and aptitudes necessary to do most jobs." Examples of these include:

(1)     Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
(2)     Capacities for seeing, hearing, and speaking;
(3)     Understanding, carrying out, and remembering simple instructions;
(4)     Use of judgment;
(5)     Responding appropriately to supervision, co-workers and usual work situations; and
(6)     Dealing with changes in a routine work setting.

20 C.F.R. § 404.1522(b). "[A]n impairment can be considered as not severe only if it is a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (internal quotation marks omitted).

---

[2] The court notes that numerous social security regulations and social security rulings (SSRs) have changed effective March 27, 2017. However, these changes specifically state that they are applicable to claims filed *on or after* March 27, 2017. See, e.g., 20 C.F.R. §§ 404.1513, 404.1527. Because the instant claims were filed prior to that date, all references in the instant Report and Recommendation are to the prior versions of the regulations which were in effect at the time Thompson's application for benefits was filed, unless otherwise specified.



At Step Two, the ALJ found that Thompson's low back pain, essential hypertension, ulcerative colitis, carpal tunnel syndrome, obesity, and depression were medically determinable impairments, but that none of these impairments was severe either singularly or in combination. (Tr. 16-17.) Thompson argues that the ALJ erred in failing to find that Thompson's low back pain was a severe impairment.

With regard to Thompson's back impairment, the ALJ specifically stated as follows:

> The claimant's record contains clinical findings and medical imaging that suggests her lumbar spondylosis, synovial cyst, and degenerative disc disease with associated low back pain caused more than a minimal effect on her ability to perform basic work activities (see Exhibits 5F; 7F; 8F). However, as discussed above, a claimant must establish disability on or before March 31, 2013, the date last insured, in order to be entitled to a period of disability and disability insurance benefits. In this case, most of the records preceding March 31, 2013 show no complaints of back pain, and normal clinical muscoskeletal findings, including full range of motion, normal rotation, normal strength and tone, and no tenderness (see Exhibit 4F/24, 52). In August 2012 and February 2013, the claimant complained of lower back pain at primary care appointments (Exhibit 1F/1-7). During the physical examination, the claimant exhibited lumbar paraspinal muscle tenderness and decreased range of motion (Exhibit 1F/3, 7). Although this suggests that the claimant did experience back pain during the relevant period, there is not sufficient evidence (such as aggressive pain management or medical imaging) showing that [] her back impairment was so severe as to cause more than a minimal effect on her ability to perform basic work related activities.

(Tr. 18.)

In arguing that the ALJ erred, Thompson points to an August 16, 2012 medical record that indicates an x-ray of Thompson's lumbar spine was performed which showed scoliosis and degenerative disc disease of the lower spine. (Pl.'s Br., ECF No. 10 at 4; see also Tr. 324.) Thompson also points to notes from Thompson's treating physician from that same date and from February 18, 2013 noting lumbar paraspinal tenderness, decreased flexion of the spine, and decreased extension of the spine. (Pl.'s Br., ECF No. 10 at 4; see also Tr. 239, 243.) The ALJ



specifically acknowledged both the August 2012 and February 2013 treatment records and noted that Thompson complained of lower back pain at those appointments. (Tr. 18.)  Additionally, he noted that the evidence in the record—including any records regarding pain management or medical imaging—was insufficient to show that Thompson's back impairment caused more than a minimal effect on her ability to perform basic work-related activities.  (Id.)  The mere presence or diagnosis of a condition is insufficient to meet Thompson's burden at Step Two; rather, she must show how it significantly limits her ability to do basic work activities.  See 20 C.F.R. § 404.1520(c); Bowen, 482 U.S. at 146 n.5; see also Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (noting that "[t]he mere diagnosis of [an impairment], of course, says nothing about the severity of the condition"); Washington v. Astrue, 698 F. Supp. 2d 562, 580 (D.S.C. 2010) ("Plaintiff's medical records establish the existence of her impairment, but the current record contains no evidence of how it significantly limits her physical or mental ability to do basic work activities.").  The ALJ acknowledged that the record "clearly shows [] treatment for the impairments alleged, but does not support the claimant's allegations regarding the severity of her symptoms or the limitations caused by those symptoms." (Tr. 19.)  The ALJ also specifically noted that there was no opinion evidence in the record from Thompson's long-term treating physician that indicated Thompson had any physical limitations.  (Id.)  Notably, the ALJ observed that "[g]iven the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by the treating doctor.  Yet a review of the record in this case reveals no restrictions recommended by the treating doctor."  (Id.)

PJG

Thompson argues that her medical records after her date last insured corroborate that Thompson's severe back impairment began prior to her date last insured. However, it is clear from the ALJ's opinion that he reviewed the entire record when concluding that Thompson's back impairment was not severe. Moreover, as pointed out by the Commissioner, Thompson's medical record of her next appointment with her treating physician in August 2013—five months after her date last insured—contains no reports of back pain or treatment notes for such. (Def.'s Resp. Opp'n, ECF No. 11 at 7; see also Tr. 244-45.) Additionally, the Commissioner notes that Thompson reported to her treating physician in May 2014—over thirteen months after her date last insured—that her back pain had only "flared in the past few months." (Def.'s Resp. Opp'n, ECF No. 11 at 8) (quoting Tr. 376). Accordingly, while Thompson may dispute the ALJ's determination at Step Two, she has failed to demonstrate that the ALJ's findings are unsupported by substantial evidence. None of the evidence cited by Thompson is sufficient to render the ALJ's evaluation of Thompson's back impairment unsupported. See, e.g., Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]").

Thompson also argues that the ALJ did not adequately weigh the opinions of the state agency physicians and "cherry-picked" the record. In discussing the assessments of the state agency physicians, the ALJ found as follows:

> A finding that the claimant is not disabled by her physical impairments is consistent with the assessments of the state agency physicians. Findings of fact made by state agency health professionals regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence by a non-examining source (SSR 96-6p). In November 2013, at the initial determination in this case, Adrian Corlette, MD found that the claimant's hypertension and ulcerative colitis were non-severe based on the medical record which showed medical management of these



impairments, and her activities of daily living at that time, which included working as a janitor (Exhibit 1A/3-5). Dr. Corlette found that the claimant's back impairment was severe (Exhibit 1A/3). In February 2014, Frank Ferrell, MD reviewed the claimant's record in connection with the reconsideration determination in this case and affirmed Dr. Corlette's findings and opinion (Exhibit 4A/6). The findings of Dr. Corlette and Dr. Ferrell were given partial weight. Evidence showing medical management of the claimant's gastrointestinal impairment and hypertension supports the determinations that these impairments were nonsevere, and they were given great weight. The determination of a severe back impairment was given little weight because as discussed above, the record does not show that this condition meets the criteria for a severe impairment.

(Tr. 19.)

Thompson argues that the ALJ selectively gave great weight to the parts of these opinions regarding Thompson's gastrointestinal impairment and hypertension, while discounting other portions regarding Thompson's back impairment. However, the ALJ clearly states the reason for discounting portions of the state agency decisions: that the evidence of record was insufficient to show that Thompson's back impairment met the criteria for a severe impairment. Thus, upon thorough review of the ALJ's decision and the record, the court concludes that the ALJ applied the relevant factors in evaluating the opinion evidence, and finds that Thompson has failed to demonstrate that the ALJ's evaluation of this opinion evidence is unsupported by substantial evidence or based on an incorrect application of the law. See 20 C.F.R. § 404.1527(c); Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015) ("An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' . . . or has failed to give a sufficient reason for the weight afforded a particular opinion[.]") (internal citations omitted). The decision reflects that the ALJ weighed the opinions of the state agency physicians and reasonably afforded them some evidentiary weight based on the physicians' statements and the record in this matter. Although Thompson

PJG

argues that the medical records from after Thompson's date last insured (and which the state agency physicians did not have when rendering their opinions) only bolster their opinions that Thompson's back impairment was severe, as stated above, it is clear that the ALJ considered the record as a whole when issuing his opinion.  Accordingly, Thompson has failed to demonstrate that the ALJ's conclusions regarding the opinions are unsupported by substantial evidence.  See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence).

Thus, the court finds that Thompson has not shown that the ALJ's decision with regard to the opinion evidence was unsupported by substantial evidence or reached through application of an incorrect legal standard.

### RECOMMENDATION

For the foregoing reasons, the court finds that Thompson has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard.  See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517.  The court therefore recommends that the Commissioner's decision be affirmed.

March 7, 2018                                    Paige J. Gossett
Columbia, South Carolina              UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).